IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO. 8:08CR210** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **MEMORANDUM** |
| vs. | ) | **AND ORDER** |
| | ) | |
| **TERRY RAY BAIN,** | ) | |
| | ) | |
| **Defendant.** | ) | |

This matter is before the Court on the Report and Recommendation (Filing No. 88) issued by Magistrate Judge Thomas D. Thalken recommending that the motion to suppress (Filing No. 25) filed by the Defendant, Terry Ray Bain, be denied. Bain filed a statement of objections to the Report and Recommendation as allowed by 28 U.S.C. § 636(b)(1)(C)(Filing No. 89), but he declined to file a supporting brief as allowed by NECrimR 57.3(a).

Bain is charged in a seven-count Superseding Indictment with: conspiracy to receive, possess, and transport stolen property, in violation of 18 U.S.C. §§ 2312-2315 (Count I); possession of stolen property, in violation of 18 U.S.C. § 2315 (Counts II and III); possession of a stolen motor vehicle, in violation of 18 U.S.C. § 2313 (Count IV); being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) (Counts V and VI); and forfeiture of the firearms under 8 U.S.C. § 924(d) and 28 U.S.C. § 2461(c) (Count VII). (Filing No. 74.)  Bain seeks the suppression of evidence and statements obtained as a result of the following: his July 20, 2007, encounter with law enforcement officers at the scene of a motor vehicle accident; his July 20, 2007, pat search at the jail; the July 24, 2007, search of his Chevrolet pickup; the warrantless July 20, 2007, aerial surveillance of his ranch; and the August 1, 2007, search of his ranch.  (Filing No. 25.)

Following an evidentiary hearing, Judge Thalken issued a Report and Recommendation, concluding the following with respect to the identified situations:

- the July 20, 2007, accident site:
    - Bain had no legitimate expectation of privacy in the purse belonging to Lena Swanson;
    - the search of the purse, wallet, passenger compartment, and glove compartment in the silver pickup truck did not violate the Fourth Amendment, as the officer was executing his community care-taking duties by investigating the accident scene;
    - the search of the trailer being towed by the silver pickup did not violate the Fourth Amendment; the ATVs on the trailer were in plain view; Bain had no reasonable expectation of privacy in the "open" trailer; even if Bain has standing, the automobile exception applies, and probable cause supported the warrantless search based on the officers' observations summarized on page 25 of the Report and Recommendation;
    - the search of the white Chevrolet pickup was not warrantless as Bain claims; rather, the truck was searched pursuant to a warrant on July 24, 2007;
    - because there were no Fourth Amendment violations in conjunction with the July 20, 2007, search at the accident site, Bain's statements to Colorado State Police officers are not fruits of an illegal search or

>> seizure; and his statements regarding an anonymous phone call did not violate the Fifth Amendment because they were noncustodial;

- the July 20, 2007, pat search in jail:
  - the search did not violate the Fourth Amendment violation, and was not the fruit of a Fifth Amendment violation;
- the July 24, 2007, search of the white pickup:
  - the search was not the fruit of a Fourth or Fifth Amendment violation;
- the July 20, 2007, aerial surveillance of Bain's ranch:
  - Bain had no legitimate expectation of privacy in the areas photographed;
  - none of the information in the search warrant application was obtained in violation of the Fourth or Fifth Amendment; and
- the August 1, 2007, search of Bain's ranch:
  - Bain knowingly and voluntarily waived his *Miranda* rights.

Additionally, Judge Thalken concluded that, to the extent Bain contends that his due process rights were violated when evidence consisting of certain trailers and ATVs were returned to their owners, the claim is denied.

## STANDARD OF REVIEW

Under 28 U.S.C. § 636(b)(1)(C) and NECrimR 57.3(a), the Court must make a de novo determination of those portions of the report, findings, and recommendations to which the Defendant has objected. The Court may accept, reject, or modify, in whole or in part, the Magistrate Judge's findings or recommendations. The Court may also receive further evidence or remand the matter to the Magistrate Judge with instructions.

**STATEMENT OF FACTS**

Judge Thalken provided a thorough, detailed account of the events surrounding the encounter. (Filing No. 88, at 1-19.) The Court has considered the transcript of the hearing conducted by Judge Thalken. (Filing Nos. 64, 65). The Court also carefully viewed the evidence. (Filing No. 58.) In his Objection (Filing No. 89), the Defendant objects to all of Judge Thalken's legal findings, but the Defendant does not object to any of Judge Thalken's factual findings. Having reviewed the record and the transcript of the hearing, the Court finds no error in Judge Thalken's factual findings and adopts them in their entirety.

**FACTUAL BACKGROUND**

On July 20, 2007, the Defendant was driving a white Chevrolet pickup pulling a gooseneck flatbed trailer northbound on Colorado Highway 71. The livestock trailer contained several items of equipment, including three ATVs, which law enforcement officers eventually discovered were stolen. At that time, Bain was followed by his employee, Lena Swanson, who was driving a silver Dodge pickup. At approximately 7:00 a.m., she drove off the road. The silver pickup rolled to the bottom of the 40-foot deep ditch on the east side of the road.

When the Colorado State Patrol ("CSP") trooper arrived at the accident scene, no one was there. Bain and Swanson returned to the accident site approximately twenty minutes after the trooper arrived and answered the investigating officer's questions. Additional officers arrived at the scene at approximately 9:30 a.m. Bain responded to the investigating officers' questions and provided documents. The officers checked the vehicles and equipment and uncovered facts indicating that the vehicles, trailers, and

4

property being used and/or hauled by Bain and Swanson were likely stolen. The Colorado communication center accessed the NCIC database, and confirmed that some of the property at the scene of the accident was in fact stolen.

Consequently, law enforcement officers arrested Bain at 2:10 p.m. on July 20, 2007, for receipt of stolen property. When Bain was pat searched for booking into jail, the deputy found drug paraphernalia, including tin foil and a glass pipe, on Bain's person. The CSP advised the Nebraska State Patrol ("NSP") on July 20, 2007, that Bain, who lived on a farm near Maxwell, Nebraska, had been arrested for receipt of stolen property. The NSP subsequently flew over Bain's farm in Nebraska and took aerial photographs of his property.

On July 24, 2007, the CSP searched Bain's white Chevy pickup pursuant to a warrant. The CSP shared the information discovered during the search with NSP on July 26, 2007. As a result, the NSP obtained and executed a warrant to search Bain's property in Nebraska on August 1, 2007. During the course of their search of his property, NSP officers discovered stolen property. Bain also provided several statements to NSP officers.

With the consent of the state prosecuting attorney in Colorado, CSP officers photographed and returned the three trailers involved in the accident, and the three ATVs being hauled in the trailer, to their owners.

**ANALYSIS**

Bain objects to Judge Thalken's Report and Recommendation that all evidence obtained (1) at the accident site, (2) when Bain was booked into the jail, (3) by aerial surveillance, (4) during the search of his white pickup on July 24, 2007, and (5) during the search of his ranch on August 1, 2007, not be suppressed. In support of his Objection, the

Defendant relies solely on the previously submitted briefs. (Filing No. 89, ¶ 3). The Court however, having carefully reviewed the parties' briefs and the record, finds no error in Judge Thalken's legal findings. As a result, the Court adopts Judge Thalken's Report and Recommendation in its entirety.

The Court adopts Judge Thalken's conclusion that the investigating officer's search of the automobiles and equipment at the accident scene did not violate the Defendant's Fourth Amendment rights. *See United States v. Brown*, 550 F.3d 724, 727 (8th Cir. 2008) ("The automobile exception to the Fourth Amendment allows police officers to conduct a warrantless search of a vehicle if, at the time of the search, they have probable cause to believe that the vehicle contains contraband or other evidence of a crime."). Further, the Defendant's statements made at the accident scene were not answers to an interrogation conducted in violation of his *Miranda* rights. "*Miranda* warnings are required only where a person's freedom has been so restricted as to render him 'in custody.'" *United States v. Martinez*, 462 F.3d 903, 908 (8th Cir. 2006). In the present case, the presence of law enforcement officers at the scene of a motor vehicle accident would not lead a reasonable person to believe his "freedom of movement has been restrained to a degree associated with a formal arrest." *Id.* at 909. As a result, the Defendant was not in "custody" for *Miranda* purposes until the time of his formal arrest at 2:15 p.m. that same afternoon.

The Defendant also objects to Judge Thalken's conclusion that law enforcement's warrantless pat search of his person during booking at the jail did not violate his Fourth Amendment rights. This issue, however, has long been decided by the Supreme Court. The Fourth Amendment "permits warrantless searches incident to custodial arrests, and has traditionally been justified by the reasonableness of searching for weapons,

instruments of escape, and evidence of crime when a person is taken into official custody and lawfully detained." *United States v. Edwards*, 415 U.S. 800, 802-803 (1974) (citation omitted). The Defendant's argument to the contrary, therefore, is without merit.

The Court also adopts Judge Thalken's conclusion regarding the NSP's aerial photographs of the Defendant's property. The Supreme Court has determined that individuals do not have a reasonable expectation of privacy regarding objects on their property in plain view of officers flying "within public navigable airspace." *California v. Ciraolo*, 476 U.S. 207, 213 (1986). "What a person knowingly exposes to the public, even in his own home or office, is not a subject of Fourth Amendment protection." *Id.* (citation omitted).

Defendant argues that evidence seized from the search of his white Chevrolet pickup on July 24, 2007, must be suppressed as "fruits of the prior warrantless search, seizure and unlawful custodial interrogation of [the Defendant] on July 20, 2007." (Filing No. 25, ¶ E.) This Court, however, has determined that Bain was not custodially interrogated prior to his formal arrest and also that the warrantless search of his car at the accident scene was well within the automobile exception to the Fourth Amendment's proscription against warrantless searches. The CSP's search of the white Chevrolet pickup truck, made pursuant to a valid warrant, does not constitute a violation of Bain's Fourth Amendment rights.[1]

---

[1] To the extent that the Defendant argues that certain items collected by law enforcement during the search of the truck should be suppressed because those items were not listed in the initial warrant obtained for the search of the truck, the argument fails. Federal courts will suppress evidence obtained from a procedural failure to properly execute the warrant "only if a defendant is prejudiced or reckless disregard of proper procedure is evident" from the record. *United States v. Hornbeck*, 118 F.3d 615, 617, n.4 (8th Cir. 1997). In the present case, the Defendant has not argued that he was prejudiced, and the record contains no evidence of reckless disregard for procedure.

The Court further adopts Judge Thalken's conclusion that the search warrant authorizing the NSP's search of the Defendant's property in Nebraska was constitutionally sound and was not tainted by reliance on the fruits of an improper warrantless search. Bain's statements made when the NSP searched his property on August 1, 2007, were not made in violation of his *Miranda* rights since the record reflects that he was advised of his rights and he both knowingly and voluntarily waived his rights. *See Thai v. Mapes*, 412 F.3d 970, 977 (8th Cir. 2005) ("A suspect may then waive these rights provided that the waiver is knowing, voluntary, and intelligent. A waiver is 'knowing and intelligent' where it is made with full awareness of both the nature of the right being abandoned and the consequences of abandoning the right, and a waiver is 'voluntary' where the court can determine that the waiver was a product of the suspect's free and deliberate choice, and not the product of intimidation, coercion, or deception.").

Finally, the Defendant avers that because the government has returned the stolen trailer and the three stolen ATVs to their rightful owners, they are no longer available for the Defendant's inspection. Thus, Bain argues that the government's photographs of this equipment should be suppressed because the government "has made it impossible for the jury to see or consider the condition of the property and equipment as Mr. Bain would have had an opportunity to observe shortly prior to his arrest on July 20, 2007." (Filing No. 89, ¶ 10.)

While the nature of the Defendant's claimed constitutional violation is unclear, he may be arguing that the government failed to preserve discoverable evidence, resulting in a denial of Bain's right to due process of law. He has failed, however, to establish a claim for a due process violation since the evidence the Defendant seeks to suppress is "only

8

potentially useful, as opposed to clearly exculpatory, [he] must prove bad faith on the part of the police to make out a due process violation." *United States v. Houston*, 548 F.3d 1151, 1155 (8th Cir. 2008) (citing *Arizona v. Youngblood*, 488 U.S. 51, 57 (1988) ("[U]nless a criminal defendant can show bad faith on the part of the police, failure to preserve potentially useful evidence does not constitute a denial of due process of law.")). The Defendant's due process claim fails because he has not established that the evidence is exculpatory, or in the alternative, that law enforcement acted in bad faith when they returned the equipment to its rightful owners.

## CONCLUSION

For the reasons discussed, the Report and Recommendation is adopted, the objections are overruled, and the Defendant's motion to suppress is denied.

IT IS ORDERED:

1. The Magistrate Judge's Report and Recommendation (Filing No. 88) is adopted in its entirety;

2. The Statement of Objections to the Report and Recommendation (Filing No. 89) is denied;

3. The Defendant's Motion to Suppress (Filing No. 25) is denied.

DATED this 5th day of May, 2009.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge